UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM A. SMITH and YVONNE DESILVA,

    Plaintiffs,

v.                    Case No: 6:17-cv-1534-Orl-41TBS

MONUMENT REAL ESTATE SVCS,
JULIA COMMINGS and JAMIE JORDAN-MILLER,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court will construe as a motion for leave to proceed *in forma pauperis* (Doc. 2). Upon due consideration I respectfully recommend that the district judge deny the motion and dismiss Plaintiffs' complaint without further leave to amend

### Discussion

Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that she "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, prior to determining whether a plaintiff qualifies to proceed *in forma pauperis*, the Court, pursuant to 28 U.S.C. §1915(e)(2), should review the complaint to determine whether it should be dismissed. Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if it is satisfied that the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief

against an immune defendant. Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit on its own authority. See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Still, the Supreme Court has cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10. Relevant facts should be segregated to each of their respective claims. See Beckwith v. Bellsouth Telecoms, Inc., 146 F. App'x. 368, 372 (11th Cir. 2005). Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even pro se litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

On August 22, 2017, Plaintiffs filed a complaint in which they allege that they are victims of discrimination and racial profiling committed by Defendants (Doc. 1). Plaintiffs assert that (presumably in their residence), there is "unhealthy water damage & mold"

and they want Defendants to "stop discrimination, fix the damage so [apartment] is habitable" (Id. at 4). On August 28, 2017, I entered an Order in which I carried their motion with leave to amend their complaint (Doc. 3). In the Order, I sympathized with Plaintiffs' situation, but advised them that their allegations are conclusory and fail to state a cause of action upon which relief can be granted by this Court. None of Plaintiffs' allegations sound in federal law and they have not pled any legal (i.e. statutory) basis for the Court's jurisdiction. I gave Plaintiffs until September 19, 2017 to amend their complaint and advised them that their failure "to file an amended complaint addressing the concerns outlined in [the] Order" would result in me issuing a report and recommendation that the case be dismissed without leave to amend (Doc. 3 at 5). Plaintiffs have not amended their complaint and the time within to do so has expired. Because of the deficiencies outlined below, I respectfully recommend that the case be dismissed.

Under Federal Rule of Civil Procedure 12(b)(1), an action must be dismissed if the Court lacks subject matter jurisdiction. See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998). Federal district courts are courts of limited jurisdiction. Parties seeking to invoke that jurisdiction over a cause of action must show that the underlying claim is based upon either diversity jurisdiction or the existence of a federal question (i.e "a civil action arising under the Constitution, laws, or treaties of the United States"). See 28 U.S.C. §§ 1331-1332. Federal diversity jurisdiction exists where the matter in controversy (1) exceeds the sum or value of $75,000 exclusive of interest and costs and (2) is between citizens of different states. See 28 U.S.C. § 1332(a). A federal district court "has the obligation to review [on its own motion] whether it has subject matter jurisdiction" and if jurisdiction is found to be lacking, the Court cannot proceed, and its sole remaining duty

is to state that it lacks jurisdiction and dismiss the case. Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011).

Plaintiffs checked the boxes for "Federal question" and "Diversity of citizenship" on their form complaint, but, simply claiming it does not make it so. Plaintiffs are Florida citizens and they allege that at least two of the Defendants are also located in this state, albeit in different cities (Doc. 1 at 2). This is fatal to Plaintiffs' diversity of citizenship claim because federal law requires *complete* diversity, which means that "every plaintiff must be diverse from every defendant." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). A corporation's citizenship is determined by its state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiffs allege that Defendant Monument Real Estate is incorporated under the laws of the state of Wisconsin (Id. at 4), however they have failed to allege the location of the company's principal place of business. Consequently, the Court cannot ascertain Monument Real Estate's citizenship and cannot, with finality, tell whether or not it is diverse.

Plaintiffs have also failed to establish that the amount in controversy meets the jurisdictional requirement. They claim $100,000 in damages, but they have not alleged a legal basis for the recovery of damages or how they arrive at the amount they claim. Plaintiffs also allege that the "Court can assess punitive and exemplary damages of $250,000 for each act illegal [sic] by the Defendant[s]" (Doc. 1 at 4). It is not possible from Plaintiffs' complaint to determine any logical connection between these proposed punitive damages and the actual damages sought by Plaintiffs.

Plaintiffs have also failed to adequately allege federal question jurisdiction. They reference discrimination and racial profiling. But, if this is intended to be a claim under the

Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, then Plaintiffs must demonstrate "unequal treatment on the basis of race that affects the availability of housing." Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1542 (11th Cir. 1994). To satisfy this standard of proof, Plaintiffs must allege that Defendants either intentionally discriminated against them, or that the effect of Defendants' actions were discriminatory. Lincoln Rock, LLC v. City of Tampa, Case No. 8:15-cv-1374-T-30JSS, 2016 WL 6299814, at *4 (M.D. Fla. Oct. 27, 2016). To prove intentional discrimination, Plaintiffs have "the burden of showing that the defendants actually intended or were improperly motivated in their decision to discriminate against persons protected by the FHA." Reese v. Miami-Dade County, 242 F.Supp.2d 1292, 1301 (S.D. Fla. 2002); see also Bonasera v. City of Norcross, 342 F. App'x 581, 584 (11th Cir. 2009). Plaintiffs have made not made this showing.

Plaintiffs' failure to properly allege intentional discrimination under the FHA, is also fatal to an action litigated under 42 U.S.C. § 1981 or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. See Dysart v. Palms of Pasadena Hospital, LP, 89 F. Supp. 3d 1311, 1316 (M.D. Fla. 2015) (citing Brown v Am. Honda Motor Co., Inc. 939 F.2d 946, 949 (11th Cir. 1991) (under both statutes, the McDonnell Douglas/Burdine framework is used to determine the motivation and intent of the defendant alleged to have taken the discriminatory action)); see also Lacedra v. Donald W. Wyatt Detention Facility, 334 F.Supp.2d 114, at 135 (D.R.I. 2004).

Plaintiffs have not satisfied the prerequisites required by any of these federal statutes. Consequently, their assertion of federal question jurisdiction is conclusory and inadequate. Now, I have no choice but to conclude that the Court lacks subject matter jurisdiction over Plaintiffs' claims.

Lastly, only Ms. DeSilva signed the complaint (Doc. 1 at 5). If both Plaintiffs intend to pursue this litigation, then they must both sign the complaint. Unless Ms. DeSilva is an attorney admitted to practice before this Court and intends to appear as attorney of record in the case, she cannot represent Mr. Smith. See Local Rule 2.01(a) ("No person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court …").

## Recommendation

Upon due consideration, I **RESPECTFULLY RECOMMEND** that the Court:

1. **DENY** Plaintiffs' motion to proceed *in forma pauperis* (Doc. 2);
2. **DISMISS** this case without prejudice; and
3. **DIRECT** the Clerk of Court to close the file.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on September 21, 2017.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    *Pro se* Plaintiffs