UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM A. SMITH and YVONNE DESILVA,

    Plaintiffs,

v.   Case No: 6:17-cv-1534-Orl-41TBS

MONUMENT REAL ESTATE SVCS, JULIA COMMINGS and JAMIE JORDAN-MILLER,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiffs' Second Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court will construe as another motion for leave to proceed *in forma pauperis* (Doc. 10). For the reasons that follow, I respectfully recommend that the motion be **denied** and this case be **dismissed without leave to amend**.

### Background

On August 22, 2017, Plaintiffs filed a complaint in which they alleged that they are victims of discrimination and racial profiling committed by Defendants (Doc. 1). Plaintiffs assert that there is "unhealthy water damage & mold" and they want Defendants to "stop discrimination, fix the damage so [apartment] is habitable" (Id. at 4). I presume Plaintiffs are referring to the apartment in which they were living when the case was filed. Plaintiffs were subsequently evicted and now have no fixed address (Doc. 12). On August 28, 2017, I entered an Order in which I carried their motion for leave to proceed *in forma pauperis* with leave to amend the complaint (Doc. 3). In the Order, I sympathized with

Plaintiffs' situation, but advised them that their allegations were conclusory and failed to state a cause of action upon which relief can be granted by this Court. None of Plaintiffs' allegations sound in federal law and they have not pled any legal (i.e. statutory) basis for the Court's jurisdiction. I gave Plaintiffs until September 19, 2017 to amend their complaint and advised them that their failure "to file an amended complaint addressing the concerns outlined in [the] Order" would result in me issuing a report and recommendation that the case be dismissed without leave to amend (Doc. 3 at 5). Plaintiffs failed to amend their complaint by the deadline and on September 21, 2017, I entered a report and recommendation that the original *in forma pauperis* motion be denied and the case be dismissed for Plaintiffs' failure to state a cause of action and establish this Court's subject matter jurisdiction, and for Plaintiff Smith's failure to sign the complaint (Doc. 7). I advised Plaintiffs that they had until October 5, 2017 to file written objections to the Report and Recommendation (Doc. 7 at 6). Instead of filing written objections to the Report and Recommendation, Plaintiffs filed a second motion for leave to proceed *in forma pauperis* and an amended complaint (Docs. 10-11).

## Discussion

Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that she "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, prior to determining whether a plaintiff qualifies to proceed *in forma pauperis*, the Court, pursuant to 28 U.S.C. §1915(e)(2), should review the complaint to determine whether it should be dismissed. Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if it is satisfied that the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief

against an immune defendant. Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit on its own authority. See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Still, the Supreme Court has cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10. Relevant facts should be segregated to each of their respective claims. See Beckwith v. Bellsouth Telecoms, Inc., 146 F. App'x. 368, 372 (11th Cir. 2005). Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

Under Federal Rule of Civil Procedure 12(b)(1), an action must be dismissed if the Court lacks subject matter jurisdiction. See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998). Federal district courts are courts of limited jurisdiction. Parties seeking

to invoke that jurisdiction over a cause of action must show that the underlying claim is based upon either diversity jurisdiction or the existence of a federal question (i.e "a civil action arising under the Constitution, laws, or treaties of the United States"). See 28 U.S.C. §§ 1331-1332. Federal diversity jurisdiction exists where the matter in controversy (1) exceeds the sum or value of $75,000 exclusive of interest and costs and (2) is between citizens of different states. See 28 U.S.C. § 1332(a). A federal district court "has the obligation to review [on its own motion] whether it has subject matter jurisdiction" and if jurisdiction is found to be lacking, the Court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011).

Plaintiffs' amended complaint was not timely filed. It does not contain any averments concerning the purported basis for the Court's jurisdiction. It fails to state any cause of action upon which this Court could grant relief, and it otherwise fails to cure any of the deficiencies outlined in my original Report and Recommendation and the Order carrying Plaintiffs' first *in forma pauperis* motion. Lastly, neither Plaintiff signed the amended complaint.

### Recommendation

For these reasons, I **RESPECTFULLY RECOMMEND** that the district judge:

(1) **DENY** Plaintiffs' motions to proceed *in forma pauperis* (Docs. 2 and 10);

(2) **DISMISS** this case **without further leave to amend**; and

(3) **DIRECT** the Clerk of Court to close the file.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on October 11, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
*Pro se* Plaintiffs